In the Matter of the Arbitration of Delbert E. PRESNELL, Respondent,

v.

ALLSTATE INSURANCE COMPANY, Appellant.

No. C1–88–1417.

Court of Appeals of Minnesota.

Jan. 3, 1989.

Ronald L. Seeger, Michaels, Seeger, Rosenblad & Arnold, Rochester, for respondent.

James R. Carlson, Muir, Heuel, Carlson & Spelhaug, P.A., Rochester, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and STONE and FLEMING, JJ.*

## OPINION

BRUCE C. STONE, Judge.

Allstate Insurance Company appeals from the judgment of the trial court affirming the arbitrators' award in an auto insurance case, contending that the trial court erred in reducing the insured's total award by the settlement proceeds received from an underinsured tortfeasor's insurer, rather than in reducing the award by the liability limits of the underinsured tortfeasor's insurance policy.

## FACTS

On December 3, 1980, Delbert Presnell was rear-ended by two other automobiles while waiting in his automobile at a stoplight. One vehicle was driven by Harley Holtan, who had a $100,000 liability policy with Milbank Insurance Company (Milbank). The other vehicle was driven by Brenda Lovgren, who was uninsured.

Presnell had two cars insured by Allstate Insurance Company (Allstate). Arbitrators determined that Presnell had $200,000 in stacked underinsured motorist coverage, as well as $200,000 in stacked uninsured motorist coverage.

Presnell commenced suit against Holtan. Prior to trial, Milbank offered Presnell $90,000 to settle the case. Presnell notified Allstate of the offer and his intention to make a claim against Allstate under both the underinsured and uninsured provisions of his Allstate policy. Allstate informed Presnell that it would not intervene in the settlement and authorized Presnell to take the offer, which he did.

Presnell initiated an arbitration of his uninsured and underinsured motorist claims against Allstate. The arbitrators decided that Holtan was 90% negligent and Lovgren was 10% negligent, and awarded Presnell $291,345.32 in total damages. The arbitrators did not decide issues concerning discounts, prejudgment interest, collateral sources, or post-judgment interest.

Presnell and Allstate moved the district court for an order confirming the award pursuant to Minn.Stat. § 572.18 (1986), but with different calculations for the judg-

---

* Acting as judges of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

ment amount. Presnell argued that the award should be reduced only by the $90,000 paid to Presnell by Milbank. Allstate argued that the award should be reduced by the $100,000 liability limit of the Milbank policy.

The trial court issued an order confirming the award as modified. The court ruled that the award should be reduced by the $90,000 settlement proceeds paid by Milbank, rather than by the $100,000 liability limit of the Milbank policy. After deducting other credits and the $90,000 setoff, the court ruled that the total award should be $179,743.16. Allstate appeals this decision.

## ISSUE

In a claim for both underinsured and uninsured motorist benefits, should the insured's arbitration award be reduced by the amount of settlement proceeds received from the underinsured tortfeasor's insuror or by the underinsured tortfeasor's insurance policy limits?

## ANALYSIS

■ The only question before us, and no Minnesota case law addresses it, is whether, in a claim for underinsured and uninsured motorist benefits, the total arbitration award should be reduced by the amount of settlement proceeds between the underinsured tortfeasor and the insured or by the tortfeasor's insurance policy limits. The trial court, allowing Presnell to recover the $10,000 "gap" between the settlement and Milbank's liability limit, noted that Presnell could proceed against either the underinsured or the uninsured motorist for his full damages because both were jointly and severally liable. The trial court stated: "[A]ny impairment to Allstate's rights of subrogation were caused by its own action and the uninsured coverage should still be available to Presnell to the full extent." We agree.

At the time this case arose, an "underinsurer [was] liable only for the amount of damages suffered by the insured in excess of the liability limits of the defendant." *Schmidt v. Clothier*, 338 N.W.2d 256, 261

(Minn.1983). The court reasoned that allowing the insured to recover the gap between the settlement proceeds and the tortfeasor's underinsured liability limits would discourage the insured from obtaining the best possible settlement, would discourage the tortfeasor's insurer from making its best settlement offer, and would require the insurer to pay for a risk over which it had no control. In *Schmidt*, the court also required that the underinsurer be given 30 days' written notice prior to accepting a settlement offer in order to allow the underinsurer time to assess its subrogation rights.

Presnell met the *Schmidt* notice requirements by notifying Allstate of his claims under both provisions of his policies and by asking permission to settle his claim with Milbank. Allstate consented to this settlement. Under these circumstances, Allstate had full opportunity to assess its subrogation rights.

Unlike *Schmidt*, this case involves a claim for both underinsured *and* uninsured motorist coverage. As both Holtan and Lovgren are jointly and severally liable for the accident, Presnell could have proceeded against Lovgren and recovered full damages from Allstate under his uninsured motorist policy less the $90,000 paid by Milbank. Minnesota favors fully compensating victims for injuries suffered in automobile accidents. *See Hime v. State Farm Fire & Casualty Co.*, 284 N.W.2d 829, 833 (Minn.1979), *cert. denied*, 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980). We hold that the trial court did not err in allowing Presnell to recover the $10,000 gap between the settlement and Milbank's liability limit.

■ Today the same result would obtain because of an amendment to Minn.Stat. § 65B.49, Subd. 4a (1986) and *Broton v. Western National Mutual Insurance Co.*, 428 N.W.2d 85 (Minn.1988), which allow the insured who communicates the tortfeasor's settlement offer to the underinsured motorist insurer to recover the difference between the tortfeasor's underinsured motorist liability limit and the settlement proceeds.

## DECISION

The trial court properly allowed the insured's arbitration award to be reduced by the amount of settlement proceeds received from the underinsured tortfeasor's insurer.

AFFIRMED.